Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Kristen M. Agnew (State Bar No. 247656)
kagnew@diversitylaw.com
Nick Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Defendants
Ssam Enterprises, Inc. and Yong Jea Park

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| KISOOK PARK, an individual, | Case No. 17-cv-04760 |
| Plaintiff, | **DEFENDANTS SSAM ENTERPRISES, INC. AND YONG JEA PARK'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)** |
| vs. | |
| SSAM ENTERPRISES, INC., a California Corporation; YONG JEA PARK, an individual; and DOES 1 TO 20, inclusive, | |
| Defendants. | Action Filed: May 19, 2017 |

**1**
**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331**

TO THE CLERK OF THE ABOVE-ENTITLED DISTRICT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331 and 1441(a)&(c), Defendants Ssam Enterprises, Inc. ("SEI") and Yong Jea Park ("Park") (together, "Defendants") hereby remove to this District Court the state court action filed by Plaintiff Kisook Park ("Plaintiff") described below.

1. On May 19, 2017, a civil action was commenced in the Superior Court of the State of California in and for the County of Orange (the "Superior Court"), entitled *Kisook Park v. Ssam Enterprises, Inc.; Yong Jea Park; and Does 1 to 20*, as Case Number 30-2017-00921402-CU-OE-CJC (the "Action"). A true and correct copy of the Summons issued by the Superior Court and the Complaint filed by the Plaintiff in this Action are attached hereto as Exhibit "A".

2. The Complaint alleges the following causes of action: (i) Failure to Pay Overtime Compensation (Violation of Cal. Labor Code §§ 510, 1194, and Wage Order No. 5-2001 §3(A)); (ii) Failure to Provide Meal Periods (Violation of Cal. Labor Code § 226.7); (iii) Failure to Provide Rest Periods (Violation of Cal. Labor Code § 226.7); (iv) Failure to Provide Accurate Itemized Wage Statements (Violation of Cal. Labor Code § 226); (v) Waiting Time Penalties (Violation of Cal. Labor Code §§ 201-203); (vi) Failure to Pay Overtime Compensation Pursuant to the Fair Labor Standards Act (Violation of 29 U.S.C. § 207); and (vii) Unfair Business Practices (Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*).

3. On May 31, 2017, Plaintiff served the Summons and Complaint upon Defendants. (Declaration of Larry W. Lee ¶ 3).

4. Defendants answered the Complaint in the Superior Court on June 27, 2017. A true and correct copy of the Answer is attached hereto as Exhibit "B".

5. Both Plaintiff and Defendants are citizens of California.

6. This Action is a civil action of which this District Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this

**2**
**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331**

1 Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441(a) & (c) in
2 that the Action arises under federal law, namely, the Fair Labor Standards Act
3 ("FLSA") 29 U.S.C. § 201, *et seq.*.

4     7.    A defendant must file a notice of removal within 30 days after receipt
5 of the first pleading in the state action that sets forth a removable claim. 28
6 U.S.C. § 1446(b).

7     8.    To trigger the 30 day removal period, the facts supporting removal
8 must be evident or unequivocally clear and certain from the face of the complaint,
9 and a defendant need look no further than the "four corners of the applicable
10 pleading" to determine whether a case is removable. *Harris v. Bankers Life &*
11 *Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 694; *Whitaker v. American Telecasting,*
12 *Inc.* (2nd Cir. 2001) 261 F.3d 196, 206 (relevant test is what the complaint says,
13 not what the defendant purportedly knows). Plaintiff's Sixth Cause of Action
14 alleges that Defendants failed to pay overtime compensation in violation of the
15 Federal Fair Labor Standards Act.

16     9.    Because this Notice of Removal is being filed within 30 days of
17 receipt of said Plaintiff's Complaint, Removal is timely.

18     10.    Copies of all pleadings, process and orders served on Defendants are
19 attached to this Notice of Removal. The Summons and Complaint are attached as
20 Exhibit "A". Defendants' Answer is attached as Exhibit "B". All other pleadings,
21 process and orders served on or filed by Defendants are attached as Exhibit "C".

23 DATED: June 28, 2017        DIVERSITY LAW GROUP, P.C.

25                       By:    */s/ Larry W. Lee*
26                               Larry W. Lee
                              Attorneys for Defendants
27                               Ssam Enterprises, Inc. and Yong Jea Park